UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GAARON VAN BETHEL ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 5:12-cv-01153-RDP-HGD |
| ) | |
| WARDEN BETTINA CARTER, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Gaaron Van Bethel, hereinafter referred to as "plaintiff," has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at Decatur Work Release in Decatur, Alabama. Plaintiff names as defendants Warden Bettina Carter, Captain S. Carroll, Sergeant T. Drake, and Jake Reed. Plaintiff seeks monetary and injunctive relief. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service. Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## FACTUAL ALLEGATIONS

On August 6, 2010, plaintiff graduated from the Alabama Therapeutic Education Facility and transferred to the Decatur Work Release Facility. (Compl. at 10). On March 25, 2011, plaintiff was hired to work at Albany Bistro which is owned by Jake Reed. *Id*. at 11. Reed accused plaintiff of deliberately destroying dishes and a lemon cream pie during a party on May 13, 2011, and terminated plaintiff's employment on May 19, 2011. (Compl. at 11 & 17.) Reed submitted false

documents in support of his claim that plaintiff owed him $295.00 for the damaged dishes and pie. *Id*. at 8-9, 11. Plaintiff alleges that Reed broke the dishes when he dropped a five-pound fryer in the sink. *Id*. at 10. Plaintiff cut himself on the dishes and was directed to continue working which caused plaintiff pain and suffering. *Id*.

Warden Bettina Carter, Captain S. Carroll, and Sergeant T. Drake have each informed plaintiff that he must agree to pay Reed for the damaged and destroyed property. *Id*. at 6 &12. Because plaintiff refuses to pay Reed the money, defendants have conspired to garnish plaintiff's wages. (Compl. at 11). Additionally, Reed has only paid plaintiff $366.50 of the $728.00 that is due him for the time he worked. *Id*. at 12.

On May 20, 2011, plaintiff met with Warden Carter, Sergeant Drake, and Officer Harris to discuss his termination and garnishment of his wages. (Compl. at 6). Sergeant Drake commented to Carter that he would like to "beat [plaintiff] up." *Id*. Carter told Drake that she would not tolerate him "beating up" plaintiff in her facility. *Id*. Carter further told plaintiff "not to worry about Sergeant Drake['s] comments" because she had known Drake for over 25 years and he would not "hurt a fly." *Id*. Plaintiff submitted grievances to Warden Carter on May 20, 21, 23, and 25, 2011, concerning Sergeant Drake's comments, but Carter refused to answer or sign the grievances. (Compl. at 6 & 9).

On May 26, 2012, plaintiff met with Warden Carter and Lieutenant Baldwin. *Id*. at 6. Carter informed plaintiff that she would not be answering or signing his grievances. *Id*. Carter then told Baldwin that plaintiff complained because Sergeant Drake stated that "he will like to just strangle [plaintiff]." *Id*. at 6-7. Plaintiff alleges Carter was attempting to cover up Drake's threatening comment. *Id*. at 7.

## DISCUSSION

### A. Conspiracy – Jake Reed, Warden Carter, Captain Carroll, & Sergeant Drake

Plaintiff alleges that defendant Jake Reed, owner of Albany Bistro, submitted false documents in support of his claim that plaintiff deliberately destroyed dishes and a pie while he was employed with the restaurant. Plaintiff also claims that Reed failed to pay him in full for the time he worked.

Section 1983 provides a remedy for deprivations of federally protected rights only if such claimed deprivations are the result of state action. *See District of Columbia v. Carter*, 409 U.S. 418, 423 (1973). Courts have recognized that Congress, in enacting § 1983, meant to give a remedy to parties deprived of constitutional rights, privileges, and immunities by an official's abuse of his or her discretionary powers. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991). One of the two essential elements in any § 1983 action is that the conduct complained of was

committed by a person acting under color of state law. *See Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985). "The traditional definition of acting under color of state law requires that the defendants in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 48 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Plaintiff has not alleged sufficient facts to show that Reed was acting under color of state law when he submitted false documents in support of his claim for reimbursement or when Reed failed to pay plaintiff for the time he worked. There are no facts before the court that demonstrate Reed was "clothed with the authority of state law," and "private actors are not, without more, subject to suit under 42 U.S.C. § 1983." *See West v. Atkins*, 487 U.S. at 48; *Schwier v. Cox*, 340 F.3d 1284, 1290 (11th Cir. 2003).

However, plaintiff alleges generally that Reed conspired with Warden Carter, Captain Carroll, and Sergeant Drake to garnish his wages.[1] A private defendant can be held liable in a § 1983 action if he or she acts in concert with state officials in

---

[1] Plaintiff's claims that defendants have conspired to garnish his wages are not entirely clear. Upon review of the complaint, it does not appear that plaintiff's wages have actually been garnished. Indeed, he states that Carter informed Reed that plaintiff's wages could not be garnished. (Compl. at 23). Plaintiff also states in his complaint that Carter informed plaintiff she would freeze his account until he pays Reed. (Compl. at 18).

depriving a plaintiff of constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1987); *Dennis v. Sparks*, 449 U.S. 24 (1980). However, allegations of conspiracy must be specific and based upon facts rather than conclusions. "It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir. 1984). Accordingly, "[a] complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Id.* at 557. The "naked assertion" of conspiracy, without "supporting operative facts," is not sufficient to state a claim under § 1983. *See Phillips v. Mashburn*, 746 F.2d 782 (11th Cir. 1984).

In the present case, plaintiff has failed to plead any supporting operative facts in connection with his claims that defendants conspired to garnish his wages. He has done nothing more than make a naked and conclusory allegation of conspiracy and, as such, his claims against defendants for conspiracy are due to be dismissed.

## B. Threats – Sergeant T. Drake

Plaintiff alleges that defendant Drake stated that he would like to "beat" plaintiff. (Compl. at 6). However, verbal threats alone are insufficient to state a constitutional violation under 42 U.S.C. § 1983. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Collins v.*

*Cundy*, 603 F.2d 825, 827 (10th Cir.1979) (allegation that Sheriff threatened to hang prisoner does not state a claim under § 1983 ); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (mere threats, even to inmate's life, made by guard do not satisfy the objective component of the Eighth Amendment as verbal threats and harassment are "necessarily excluded from the cruel an unusual punishment inquiry . . . ."); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) ("alleged verbal threats by jail officials . . . did not rise to the level of a constitutional violation."). Thus, plaintiff fails to state a cognizable claim with respect to Drake's verbal threat and this claim is due to be dismissed.

C.  **Access to Courts – Warden Carter**

Plaintiff complains that Carter refused to answer or sign grievances he submitted to her concerning Drake's comment that he wanted to beat up plaintiff. He reasons that Carter violated his constitutional right to access the courts as a result.

"[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Lewis v. Casey*, 518 U.S. 343, 406 (1996) (internal citation omitted). The United States Supreme Court has held that the Due Process Clause assures inmates a right of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817 (1977). It is now clear, however, that in order to prevail on a claim that his right of access to the courts has been violated, an inmate

must establish prejudice, i.e., that "his efforts to pursue a legal claim" were "hindered." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). As the Eleventh Circuit has explained:

> With respect to access-to-court claims, *Lewis* clarifies that a plaintiff first must show actual injury before seeking relief under *Bounds*. *See Bass v. Singletary*, 143 F.3d 1442, 1444 (11th Cir.1998). This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. *See id.* at 1445. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials. *See id.* at 1446.

*Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998).

Plaintiff has not established that Carter's failure to answer his grievances hindered his pursuit of a non-frivolous, post-conviction claim or civil rights action. Therefore, plaintiff's claim against Carter is due to be dismissed.

### D. State Law Claims

To the extent plaintiff asserts supplemental state law claims against the defendants for bad faith, fraud, harassment, and breach of contract, such claims are subject to dismissal pursuant to 28 U.S.C. § 1367(c)(3) once his § 1983 claims have been dismissed, as recommended herein.

### **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that plaintiff's claims pursuant to 42 U.S.C. § 1983 in this action be DISMISSED as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). The magistrate judge further RECOMMENDS that this court DECLINE to exercise supplemental jurisdiction over plaintiff's state law claims for bad faith, fraud, harassment, and breach of contract and that such claims be DISMISSED WITHOUT PREJUDICE.

Plaintiff may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. IT IS NOT NECESSARY FOR PLAINTIFF TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE

FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.  Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DONE this 12th day of October, 2012.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE